IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION (at Louisville)

| | | |
|---|---|---|
| **RUSSELL P. BROOKSBANK** | : | **Case No.** 3:16-CV-668-JHM |
| **1716 Whittier Dr.** | : | |
| **Clarksville, IN 47129** | : | **Chief Judge Joseph H. McKinley, Jr.** |
| | : | |
| **PLAINTIFF** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DEWAYNE S. KOCH** | : | |
| **5124 Queens Castle Road** | : | |
| **Louisville, KY 40229** | : | |
| *In His Individual and Official Capacities* | : | |
| | : | |
| **DEFENDANTS** | : | |

## VERIFIED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, COSTS, AND ATTORNEY FEES FOR CONSTITUTIONAL VIOLATIONS WITH JURY DEMAND ENDORSED HEREON

Plaintiff Russell P. Brooksbank ("Mr. Brooksbank"), by and through counsel, for his *Verified Complaint for Damages, Declaratory and Injunctive Relief, Costs, and Attorney Fees for Constitutional Violations with Jury Demand Endorsed Hereon* (the "Complaint") against Defendant Dewayne S. Koch in both his official capacity and individual capacity, states and alleges as follows:

## INTRODUCTION

1. This action involves the deprivation of Mr. Brooksbank's First, Fourth, Fifth, and Fourteenth Amendment rights by the official and individual capacity Defendant named herein. This action challenges, and seeks redress for, the Constitutional violations committed by Sergeant Dewayne S. Koch, of the Kentucky State Police's Division of Commercial Vehicle Enforcement, against Mr. Brooksbank on and after September 16, 2016. This suit seeks money damages against the individual capacity Defendant, and injunctive and declaratory

relief against the individual and official capacity defendant under 42 U.S.C. § 1983, attorney

fees under 42 U.S.C. § 1988, and under state law.

## PARTIES

2.  At all times relevant herein, Mr. Brooksbank is, and was, a citizen and domiciliary of the

State of Indiana.  He is a veteran of the United States Army, having been honorably

discharged on August 7, 1996.  He is also the 2016 Libertarian Party of Indiana's nominee

for the 9th Congressional District of Indiana.  Mr. Brooksbank is running a campaign based

on Libertarian principles of increased liberty and decreased government.  Among other

things, Mr. Brooksbank's website, published prior to the events that give rise to this lawsuit,

indicates that he views the oath of office he took in the United States Army, to protect and

defend the Constitution, to be a continuing obligation.  Mr. Brooksbank is employed in the

ready mix concrete business as a mechanic, and serves as his union's Chief Steward.

3.  During both his personal and work time, Mr. Brooksbank routinely and frequently travels

and operates his motor vehicle through Louisville and Jefferson County, Kentucky.

4.  At all relevant times herein, Defendant Sergeant Dewayne S. Koch ("Koch" or "Defendant")

was, and is, a citizen and domiciliary of the Commonwealth of Kentucky.  He is also a

member of Division 2, Commercial Vehicle Enforcement ("CVE"), Kentucky State Police

("KSP").  CVE Division 2 is located, and headquartered, in Louisville, Kentucky.  Koch is

no stranger to violating the rights of his fellow citizens, having been convicted in 1994 of

entering illegally onto the land of others to shoot/hunt/fish/trap, without consent of the owner

or possessor of the real property.  Upon information and belief, including the response to a

KSP open records request, Koch has been the subject of one or more complaints and

disciplinary actions, and there are currently two pending internal investigations related to

Koch.  Furthermore, in 2014, Koch was involved in a questionable police shooting of an African American suspect.  Koch is, and was, employed in the capacity of a Sergeant in the CVE of the KSP at all times relevant hereto.  Koch is sued in both his individual and official capacities.[1]

5.   Finally, the Kentucky Attorney General is served, but is not named as a party and is not a Defendant herein, because this matter involves the constitutionality of the actions of a member of an agency that is an instrumentality of the Commonwealth under applicable Kentucky Revised Statutes.

## JURISDICTION AND VENUE

6.   Subject matter jurisdiction over the federal claims and causes of action asserted by Mr. Brooksbank in this action is conferred on this Court pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. §1331, 28 U.S.C. § 1343, 28 U.S.C. §§ 2201 and 2202, and other applicable law.

7.   Subject matter jurisdiction over the state law claims brought against Koch in his individual capacity is conferred on this Court pursuant to 28 U.S.C. § 1367, as well as diversity of citizenship under 28 USC § 1332.

8.   This Court has personal jurisdiction over Koch because he is a citizen of and resides in Kentucky.

9.   Venue in this District and division is proper, pursuant to 28 U.S.C. §1391 and other applicable law, because all of the deprivations of Mr. Brooksbank's Constitutional Rights

---

[1] To the extent there is any ambiguity, damages claims are brought against Koch only in his individual capacity.  The claims against Koch in his official capacity seek only declaratory and injunctive relief.

3

occurred in counties within this District, and future deprivations of his Constitutional Rights are threatened and likely to occur in this District.

## FACTS COMMON TO ALL CLAIMS

10. On September 16, 2016, at approximately 10:00 a.m. Mr. Brooksbank was traveling along Outer Loop in Louisville, Jefferson County, Kentucky.  Mr. Brooksbank then turned into the Thornton's located at the intersection of Outer Loop and National Turnpike in Louisville, Kentucky.

11. Mr. Brooksbank noticed, after turning into the Thornton's, a ready mix concrete vehicle that had been stopped by the KSP, and specifically the CVE, belonging to his employer, Advance Ready Mix, in the parking lot of the Thornton's.

12. Mr. Brooksbank's employer, Advance Ready Mix, is located in Louisville, Kentucky.

13. Mr. Brooksbank is the Chief Steward for the union representing the employees of Advance Ready Mix, including Valerie Coleman, the driver of the concrete mix vehicle that had been stopped by the KSP.  Furthermore, he is a mechanic for Advance Ready Mix.

14. Mr. Brooksbank decided to approach the vehicle to see if Ms. Coleman, the driver of the vehicle was okay, and, if the stop was for an equipment violation, to potentially see if he could correct any such equipment issues at that time.

15. Mr. Brooksbank approached the stopped concrete mix vehicle by walking across the parking lot of Thornton's.  Koch had made the traffic stop.  Mr. Brooksbank did not see Koch as he crossed the parking lot, and assumes, therefore, that Koch was, at that time, in his vehicle.

16. Mr. Brooksbank approached Ms. Coleman, the driver, who was visibly upset about the stop and the accusations being made against her.

17. Ms. Coleman told Mr. Brooksbank that she was stopped for not wearing a safety belt, but, that she had, in fact, been operating the vehicle wearing the safety belt.  Ms. Coleman further told Mr. Brooksbank that her company-issued cellular phone had fallen out of its holder, so she stopped the vehicle, placed it in park, and then retrieved the cellular phone.  At that point, she made eye contact with Koch, as she put her safety belt back on.  Koch nevertheless initiated a traffic stop,[2] and detained the concrete truck and Ms. Coleman, and told Ms. Coleman that he believed she had only put her safety belt back on after she had seen Koch.

18. Mr. Brooksbank reminded Ms. Coleman that the vehicles were equipped with cameras installed in them, and told her that she needed to appear in court, but should have the video downloaded when the driver returned to the company, and go to court armed with the irrefutable video evidence demonstrating that Koch's claimed basis for the stop was false.

19. Koch had completed his paperwork, and returned to the vehicle, and handed Ms. Coleman the citation.  Ms. Coleman informed Koch that the vehicle was equipped with video, and would corroborate the fact that she had not operated the vehicle without wearing the safety belt, and the ticket he had written would, therefore, be dismissed when the matter went to court.

20. Koch then told the driver, in response to the news that the concrete truck had video, that he wrote the ticket as a safety violation, and "[t]here is no going to court."

---

[2] Stop is a relative term – the vehicle was already stopped at the time Koch initiated his interaction.

21.  In response to Koch's attempts at denying Ms. Coleman any due process to contest Koch's wrongfully written citation, Mr. Brooksbank shook his head and muttered "So you're being an ass about this."

22.  Mr. Brooksbank's statement to Koch was protected speech, and clearly established protected speech at the time of its utterance, as set forth in *Buffkins v. City of Omaha,* 922 F.2d 465, 472 (8th Cir.1990) (calling arresting officer an "asshole" was protected speech); *Greene v. Barber*, 310 F.3d 889 (6th Cir. 2002), and by the U.S. Supreme Court in *Houston v. Hill*, 482 U.S. 451, 462 (1986).  In fact, "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *Id*. at 462-63.

23.  Koch became infuriated by this statement, and immediately began to retaliate.  In fact, the entire chain of events that follows constitutes an impermissible and unconstitutional violation of the First Amendment and retaliation for First Amendment speech, under clearly established case law set forth in *Bloch v. Ribar*, 156 F.3d 673 (6th Cir. 1998).

24.  Koch directed Mr. Brooksbank to back up because, Koch stated, Mr. Brooksbank was "obstructing him" – even though the traffic stop had been completed and the ticket had been handed over to Ms. Coleman, the driver, at this point in time.

25.  Mr. Brooksbank complied, and backed up approximately five to six feet.  Koch responded that Mr. Brooksbank did not back up far enough, and so, again Mr. Brooksbank complied by backing up further.

26.  Following a brief conversation with Ms. Coleman, the driver of the concrete vehicle, Koch returned to his vehicle, and departed.

27.  Mr. Brooksbank was not arrested or detained at that point in time.

28. Mr. Brooksbank then returned to the driver of the concrete vehicle, told the driver to get a lawyer, and that everything would be okay.

29. Mr. Brooksbank then proceeded into the Thornton's, purchased some food, and came out and got into his vehicle, a 1993 Green Ford Ranger.  Mr. Brooksbank then drove across the parking lot of the Thornton's.

30. At that point in time, Koch was intent on exacting revenge and retaliating against Mr. Brooksbank and the perceived slight that Koch believed Mr. Brooksbank had visited upon him.  Koch had circled back towards the Thornton's, with the intent and purpose of locating Mr. Brooksbank and violating his constitutional rights.  In point of fact, Koch drove past the Thornton's, saw Mr. Brooksbank and his vehicle, and then turned his vehicle into the median to observe Mr. Brooksbank and fabricate a false basis for stopping him.  Mr. Brooksbank then noticed Koch's vehicle, and further noticed that he was staring at Mr. Brooksbank.

31. Mr. Brooksbank then activated his turn signal to turn right onto National Turnpike.

32. At that time, Mr. Brooksbank's left hand was on the driver's window, slightly protruding from it.  His ring and pinky finger were curled slightly to prevent his wedding ring from falling off.

33. As Mr. Brooksbank turned out of the Thornton's and onto National Turnpike, Koch activated his lights and siren, and effectuated an unconstitutional seizure under the Fourth Amendment by stopping Mr. Brooksbank's vehicle without any basis whatsoever.  When such a seizure though an automobile stop occurs, it must be based on reasonable suspicion and Koch had no such reasonable suspicion.  The rights at issue were clearly established in *Delaware v. Prouse*, 440 U.S. 648, 653 (1979).

34. Koch later put in his police report, however, that Mr. Brooksbank was charged with K.R.S. 189.380, "improper signal," for allegedly giving Koch the middle finger.  Koch later testified before the District Court of Jefferson County, Kentucky, that he did not observe whether or not Mr. Brooksbank had turned on his turn signal, as is required, but instead was focused solely on the alleged vulgar gesture consisting of Mr. Brooksbank allegedly giving him the middle finger.

35. Mr. Brooksbank did not, in fact, give Koch the middle finger – the entire stop was made with no basis whatsoever, and was retaliation for the prior statement by Mr. Brooksbank.

36. Even if Koch's version of the events is believed, however, the usage of the middle finger towards police officers is protected speech under the First Amendment of the United States Constitution, and was clearly established constitutional rights in the following cases, *Sandul v. Larion*, 119 F.3d 1250, 1254-57 (6th Cir. 1997), and cases cited therein, *citing Cohen v. California*, 403 U.S. 15, 26 (1971), and *Swartz v. Insogna*, 704 F.3d 105 (2d Cir. 2013); *Swiecicki v. Delgado*, 463 F.3d 489 (6th Cir. 2006), and cases cited therein.  As such, Mr. Brooksbank's clearly established rights, as set forth in those cases, foreclosed a lawful stop on such a basis.

37. The entire stop, and the events that followed it, were retaliatory, and in contravention of clearly established, First Amendment rights, as set forth in *Kennedy v. City of Villa Hills*, 635 F.3d 210 (6th Cir. 2011), and *Greene v. Barber*, 310 F.3d 889 (6th Cir. 2002).

38. By his own admission in his police report, and testimony later before the Jefferson District Court, Koch violated Mr. Brooksbank's clearly established constitutional rights.

39. Koch approached Mr. Brooksbank's vehicle in a quick and aggressive manner. His first statement to Mr. Brooksbank was "You want to flip me off now!," in an angry, loud, and menacing tone.

40. Koch then demanded Mr. Brooksbank's license and registration.

41. Recognizing that he was being retaliated against, and that the stop by Koch was an illegal stop and a violation of Mr. Brooksbank's constitutional rights, Mr. Brooksbank informed Koch that he was going to record the encounter on his cellular phone. Mr. Brooksbank was afraid that Koch was going to physically assault him, or otherwise continue to violate his rights. Furthermore, given the past stop with the concrete truck driver, Mr. Brooksbank was aware that he was dealing with a dishonest officer, which heightened his need for video to record the interaction. Mr. Brooksbank was not aware, at that point in time, of Koch's criminal record, or the shooting of a motorist that Koch was involved in 2014.

42. Koch then sneered at Mr. Brooksbank, and said, in an equally menacing tone: "You know if I arrest you, I can use that video as evidence." Mr. Brooksbank attempted to respond that he was perfectly fine with the video becoming evidence, but was unnerved and he stuttered in response. Koch then mocked Mr. Brooksbank, by stating "uh uh uh, big man can't get a word out edgewise."

43. Mr. Brooksbank, in the meantime, had unlocked his phone and had pulled up the record/video function.

44. Koch then attempted to seize Mr. Brooksbank's phone, further retaliating and attempting to prevent the recording of stop; the phone was located directly in front of Mr. Brooksbank on the driver's seat.

45. Koch physically invaded the area in front of Mr. Brooksbank by reaching into the passenger area of Mr. Brooksbank's vehicle, in contravention of Mr. Brooksbank's clearly established constitutional rights; in the process, Koch grabbed and assaulted Mr. Brooksbank, in an effort to illegally seize his phone, to ensure that there would be no recording and no irrefutable evidence of Koch's misconduct.  These actions by Koch were unnecessary, illegal, and violated clearly established Fourth and Fourteenth Amendment rights set forth in *New York v. Class,* 475 U.S. 106, 114-15 (1986) (the interior of automobiles is protected from unreasonable intrusions by police); *See, also, Allen v. Thompson*, 14 F. Supp.3d 885 (W.D. Ky. 2014), and cases cited therein, (discussing violations relating to unreasonable physical entry of vehicle, attempted seizure of cellular phone, unnecessary force); *See, also, Glik v. Cunniffe*, 655 F.3d 78 (1st Cir. 2011) (constitutional right to videotape law enforcement in public places); *Smith v. City of Cumming*, 212 F.3d 1332 (11th Cir. 2000).

46. In the process, Mr. Brooksbank pulled the phone away, at which point Koch, so desperate to prevent recording of his misconduct, then opened the driver's door of Mr. Brooksbank's car, and violently yanked on Mr. Brooksbank (and specifically on Mr. Brooksbank's neck and shoulders) with both of Koch's hands, again assaulting Mr. Brooksbank.  Koch yanked on Mr. Brooksbank, so violently that it caused his shirt to rip.

47. Mr. Brooksbank, however, was secured by his seatbelt.  Mr. Brooksbank told Koch as much, and asked if he could remove it; Koch relented on his pulling, and Mr. Brooksbank managed to unbuckle his seatbelt, and exit the vehicle.

48. At this point, Koch shoved Mr. Brooksbank against Mr. Brooksbank's truck, took the phone out of his hand, and slammed it against the top of the back of Mr. Brooksbank's truck,

attempting to break it, and to stop and potentially destroy any recordings of this encounter to ensure there was no evidence of Koch's misconduct.

49. Koch violated Mr. Brooksbank's clearly established constitutional rights against excessive force and false arrest, under the Fourth Amendment, as set forth in *Allen v. Thompson*, 14 F. Supp.3d 885 (W.D. Ky. 2014) and *Kennedy v. City of Villa Hills*, 635 F.3d 210 (6th Cir. 2011), and cases cited therein.

50. Koch then placed Mr. Brooksbank into the back of his police vehicle.  At or about the same time, Koch had Mr. Brooksbank's vehicle towed, which Mr. Brooksbank later had to pay to recover.

51. Recognizing that he had gone too far, and had himself violated the law, Koch then falsified certain facts in his police report concerning this incident, with a false and perjured narrative of facts that would make Pinocchio blush.  A true and accurate copy of this report is attached as **Exhibit A** hereto.  Koch's report actually admitted that he made the stop based on Mr. Brooksbank's alleged use of the middle finger, but falsely indicated that he supposedly asked Brooksbank for his license and registration four times (Koch did so once, and then immediately proceeded to try to stop the recording).  Koch falsely alleged that the location was unsafe, and that is why he attempted to seize the phone, and Koch falsely stated that Brooksbank allegedly grabbed Koch's arm and tried to pull him into the vehicle.[3]

52. A true and accurate copy of the intersection, authenticated by Mr. Brooksbank, and attached hereto as **Exhibit B**, as printed from Google Maps, reveals that there is absolutely nothing

---

[3] This claim by Koch is utterly absurd and unbelievable on its face.  By his own admission under oath before the Jefferson District Court, Koch admitted Mr. Brooksbank was doing everything he could to keep his cellular phone from Koch.  Pulling Koch into the vehicle would place Koch closer to Mr. Brooksbank's phone.

remarkable about this particular location, or unsafe, that would warrant the seizure of personal property.

53. Koch could have, but did not direct Mr. Brooksbank to pull forward and out of the curb of National Turnpike, or to return to the Thornton's, if the location of the stop was actually unsafe.  Koch did not do so, because there was nothing unsafe about the particular location; rather, Koch made the claim pretextually to attempt to justify the unlawful seizure or attempted seizure of Mr. Brooksbank's cellular phone.

54. Koch charged Mr. Brooksbank with Failure/improper signal, under K.R.S. 189.380; obstruction with a police officer under K.R.S. 150.090, and Assault 3rd, on a police officer, under K.R.S. 508.025.  Mr. Brooksbank did not commit or violate any of the foregoing.

55. Mr. Brooksbank was taken to the Jefferson County Jail, processed, and booked that same day (September 16, 2016).  At the time, Mr. Brooksbank had suffered injuries due to Koch's assault, and during the in-processing to the jail, he reported shoulder and neck pain to the jail officials as a consequence of Koch's actions.

56. During the period that he was incarcerated due to Koch's illegal and unconstitutional actions, Mr. Brooksbank was exposed to the use of pepper spray that drifted through the jail and was inhaled by Mr. Brooksbank, during a cell extraction procedure by Jefferson County, Kentucky, jail authorities directed towards another detainee.  Because this was the foreseeable result of the unlawful and unconstitutional detention of Mr. Brooksbank, Koch is likewise liable for pain and suffering from this exposure.

57. Fourteen hours later Mr. Brooksbank was released on his own recognizance.

58. Upon his release, Mr. Brooksbank was informed by his employer that Koch had called his employer to report the arrest to them, and to attempt to cause adverse employment action

12

against Mr. Brooksbank.  Koch's actions were malicious and further demonstrated an unconstitutional retaliatory animus towards Mr. Brooksbank.

59. On October 10, 2016, Mr. Brooksbank's case was called for preliminary hearing in the Jefferson County District Court.

60. Koch testified in the preliminary hearing that he did not even observe whether or not Mr. Brooksbank's vehicle had its turn signal on or not, and the stop was predicated solely on Mr. Brooksbank's alleged use of the middle finger towards Koch.

61. At the conclusion of the hearing, including a vigorous cross-examination that demonstrated inconsistencies and falsification of testimony by Koch, the felony charge of Assault 3rd was dismissed for a finding of no probable cause by Hon. Anne Haynie.

62. On October 24, 2016, the Commonwealth dismissed the remaining two charges against Mr. Brooksbank with prejudice, due to a lack of evidence to support them.

63. A true and accurate copy of the certified record of docket sheet, that reflects the aforementioned dismissals of all of the charges against Mr. Brooksbank, by the Jefferson District Court, is attached hereto as **Exhibit C**.

64. Koch's institution of baseless charges against Mr. Brooksbank violated Mr. Brooksbank's clearly established Fourth Amendment rights, and constitutes a Fourth Amendment malicious prosecution violation under *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006). Criminal prosecution was initiated against Mr. Brooksbank.  Koch made, influenced, or participated in the decision to prosecute by filing the charges against Mr. Brooksbank.  There was a lack of probable cause for the prosecution.  As a consequence of the proceeding, Mr. Brooksbank was detained for approximately 14 hours in the Jefferson County, Kentucky jail

and lost liberty during this time.  And, as noted, the proceedings were terminated in Mr. Brooksbank's favor on the merits.

65. As such, Koch's malicious, and false, criminal charges were resolved in Mr. Brooksbank's favor on the merits.

66. The actions set forth herein have and will continue to deprive Mr. Brooksbank of his constitutional rights.

67. Furthermore, as a consequence and the proximate and actual cause of the foregoing and the actions of Koch, Mr. Brooksbank has suffered various damages, including, without limitation, physical injury, pain and suffering, medical expenses, damage to property, improper fees by having his vehicle towed, incurrence of attorney fees to defend against the baseless criminal charges, injury to his reputation, incurrence of charges and expenses and other damages, such as will be proven at trial, which far exceeds $75,000.

## COUNT I – VIOLATION OF FIRST, FOURTH, AND FOURTEENTH AMENDMENTS

68. Mr. Brooksbank hereby reincorporates the preceding paragraphs of his Complaint as if fully set forth herein.

69. Mr. Brooksbank is a citizen of the United States of America.

70. Mr. Brooksbank has clearly established rights and protections under the United States Constitution and its statutes to Freedom of Speech, Association, and Expression and other First Amendment guarantees.

71. Mr. Brooksbank also has clearly established rights and protections under the Fourth and Fourteenth Amendments to the United States Constitution.

72. Koch, using his office and acting under color of state law, violated, is violating, and will in the future violate Mr. Brooksbank's First Amendment Rights, which has deprived, is

depriving, and will deprive him of his rights to Free Speech, Expression, and Association guaranteed to them under the First Amendment of the U.S. Constitution, which rights are clearly established.  Defendant thereby subjected himself under 42 U.S.C. § 1983, to prospective injunctive relief, and to declaratory relief under 28 U.S.C. §§ 2201, *et seq*., and the individual capacity Defendant subjected himself to be liable for monetary damages sought herein.

73. Koch, using his office and acting under color of state law, violated and are violating Mr. Brooksbank's Fourth Amendment Rights, which has deprived, are depriving, and will deprive him of his rights to "be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized" which rights are clearly established.  Defendant thereby subjected himself under 42 U.S.C. § 1983, to prospective injunctive relief, and to declaratory relief under 28 U.S.C. §§ 2201, *et seq*., and the individual capacity Defendant subjected himself to be liable for monetary damages sought herein.

74. Koch, using his office and acting under color of state law, violated and are violating Mr. Brooksbank's Fourteenth Amendment Rights, which have deprived, are depriving, and will deprive him of his rights to equal protection and due process, which rights are clearly established.  Koch thereby subjected himself under 42 U.S.C. § 1983, to prospective injunctive relief, and to declaratory relief under 28 U.S.C. §§ 2201, *et seq*., and the individual capacity Defendant subjected himself to be liable for monetary damages sought herein.

75. Koch abused the authority of his office and, while acting under color of law and with knowledge of Mr. Brooksbank's clearly established rights, used his office to violate Mr. Brooksbank's First, Fourth, and Fourteenth Amendment rights.

76. Mr. Brooksbank further seeks declaratory and injunctive relief against Koch: (a) declaring that Koch violated his constitutional rights as set forth in this Complaint; and (b) enjoining future violations of Mr. Brooksbank's rights by Koch.  Mr. Brooksbank further seeks his costs and reasonable attorney fees under 42 U.S.C. § 1988.

77. As against Koch, Mr. Brooksbank further states that he was the actor responsible for the constitutional violations complained of, including the unlawful and unconstitutional stop, retaliation for First Amendment activities, unlawful and unconstitutional intrusion into his vehicle, unlawful and unconstitutional seizure of his phone, unlawful and unconstitutional arrest, unlawful and unconstitutional use of force, and other breaches of the Constitution as set forth herein.  As such, Mr. Brooksbank seek damages in an amount to be determined at trial under 42 U.S.C. § 1983, for violations of his clearly established constitutional rights as set forth herein.  The measure of such damages shall be proven at trial, and exceed $75,000.00, exclusive of interest and costs.

78. Mr. Brooksbank further seeks punitive damages against Koch, in his individual capacity, since his actions complained of were motivated by evil motive or intent, and/or when it involves reckless or callous indifference to the federally protected rights of Mr. Brooksbank.  Mr. Brooksbank demands judgment on these punitive damages against Koch, in his individual capacity, in an amount to be determined at trial, but not less than $75,000.00, exclusive of interest and costs.

16

## COUNT II – STATE LAW CLAIMS BY MR. BROOKSBANK AGAINST KOCH IN HIS INDIVIDUAL CAPACITY

### A.  Battery (state law claim)

79. Mr. Brooksbank hereby reincorporates the preceding paragraphs of his Complaint as if fully set forth herein.

80. Koch, in an individual capacity, intended to cause a harmful or offensive touching of Mr. Brooksbank multiple times when he laid his hands upon him, and did so without the consent of Mr. Brooksbank.

81. As a consequence, Koch, in an individual capacity, caused, directly or indirectly, harmful contact with Mr. Brooksbank, and caused him damages in an amount exceeding $75,000.00, exclusive of interest and costs.

82. Koch, in an individual capacity, is therefore liable for battery, in an amount to be proved at trial.

### B.  False Arrest/False Imprisonment (state law claim)

83. Mr. Brooksbank hereby reincorporates the preceding paragraphs of his Complaint as if fully set forth herein.

84. Koch, in an individual capacity, intentionally caused the confinement and/or intentionally instigated the confinement of Mr. Brooksbank which he was aware of at the time.

85. There was no probable cause for Koch's actions.

86. The actions complained of caused Mr. Brooksbank damages, in an amount exceeding $75,000.00, exclusive of interest and costs.

87. Koch, in an individual capacity, is therefore liable for false arrest/false imprisonment, in an amount to be proved at trial.

### C.  Malicious Prosecution (state law claim)

88. Mr. Brooksbank hereby reincorporates the preceding paragraphs of his Complaint as if fully set forth herein.

89. Defendant Koch, in his individual capacity, instituted original judicial proceedings, specifically the filing of the criminal charges against Mr. Brooksbank.

90. Such charges were done by, or at the insistence of Koch, in an individual capacity.

91. The criminal proceedings were resolved on the merits in Mr. Brooksbank's favor.

92. Koch, in an individual capacity, maliciously instituted such proceedings, knowing that the charges were false, or with reckless disregard for the truth, and were made with the intent of injuring Mr. Brooksbank.

93. There was a want of probable cause for the proceedings at issue.

94. Mr. Brooksbank has been damaged, in an amount exceeding $75,000.00, exclusive of interest and costs, as a consequence of such actions.

95. As such, Koch, in his individual capacity, is liable to Mr. Brooksbank for malicious prosecution in an amount to be proved at trial.

### D.  Negligence (state law claim)

96. Mr. Brooksbank hereby reincorporates the preceding paragraphs of his Complaint as if fully set forth herein.

97. Defendant Koch, in his individual capacity, had a duty to act in a reasonably prudent manner towards Mr. Brooksbank, breached that duty, and proximately and actually caused him injuries exceeding $75,000.00, exclusive of interest and costs.

98. As such, Koch, in his individual capacity, is liable to Mr. Brooksbank for negligence in an amount to be proved at trial.

18

E. Punitive Damages (state law claim)

99. Mr. Brooksbank hereby reincorporates the preceding paragraphs of his Complaint as if fully set forth herein.

100. The actions complained of were made by Koch, in an individual capacity, with malice, fraud, or oppression.

101. As such, Koch is liable for punitive damages, in an amount to be proved at trial, but exceeding $75,000.00, exclusive of interest and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Russell P. Brooksbank demands judgment against Defendant Dewayne S. Koch as prayed for, including:

A. That this Court issue a declaration that the practices complained of herein, by Koch were and are unconstitutional;

B. That this Court issue an injunction enjoining further unconstitutional actions by Koch;

C. That Mr. Brooksbank be awarded money damages, including both compensatory and punitive damages against the individual capacity Defendant Koch, in an amount to be proven at trial, and exceeding $75,000.00, exclusive of interest and costs;

D. That trial by jury be had on all issues so triable;

E. That Mr. Brooksbank be awarded his costs in this action, including reasonable attorney fees under 42 U.S.C. § 1988; and

F. Such other relief as this Court shall deem just and proper.

Respectfully submitted,

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850 (v)
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com

/s/ Thomas B. Bruns
Thomas B. Bruns (KBA 84985)
Bruns, Connell, Vollmer, Armstrong
4750 Ashwood Dr., Ste. 200
Cincinnati, OH 45241
513-326-0274 (v)
tbruns@bcvalaw.com

/s/ Robert A. Winter, Jr.
Robert A. Winter, Jr. (KBA 78230)
P.O. Box 175883
Fort Mitchell, KY 41017
(859) 250-3337
robertawinterjr@gmail.com

**Attorneys for Plaintiff**

## JURY DEMAND

Pursuant to FRCP 38 and other applicable law, Mr. Brooksbank demands trial by jury on all causes so triable.

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)