**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CASE NO:  3-16-cv-668-JHM**

_____

| | |
|---|---|
| **RUSSELL P. BROOKSBANK** | ) |
| **PLAINTIFF** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **DEWAYNE S. KOCH** | ) |
| **DEFENDANT** | ) |
| | ) |

_____)

\*\*\*     \*\*\*     \*\*\*     \*\*\*     \*\*\*     \*\*\*
**ANSWER**
\*\*\*     \*\*\*     \*\*\*     \*\*\*     \*\*\*     \*\*\*

Comes now the Defendant, Officer Dewayne S. Koch, by Counsel, and for his Answer to the Plaintiff's Complaint, states as follows:

1.)  With regard to Paragraph 1 of the Complaint (under "INTRODUCTION") the Defendant admits that this action alleges that the Plaintiff's First, Fourth, Fifth and Fourteenth Amendment rights were violated by the Defendant in both his individual and official capacities.  The Defendant denies that he violated any rights of the Plaintiff under the First, Fourth, Fifth or Fourteenth Amendment.  The Defendant admits that in Paragraph 1, the Plaintiff claims money damages, injunctive relief and declaratory relief but denies that the Plaintiff is entitled to recover any damages of any kind whatsoever, including money damages, injunctive relief or declaratory relief.

2.) With regard to Paragraphs 2 and 3 of the Complaint, the Defendant is without sufficient information to form a belief as to the truth or veracity of any of the statements therein regarding the domicile of the Plaintiff, his past status or his current status or his travel habits,

in any regard as set out in that Paragraph 2 and 3 and therefore denies all of the same. Furthermore, much of the context of Paragraph 2, as to the Plaintiff's prior status as a veteran, as a political candidate and his views on political issues, is gratuitous and not proper in a civil complaint and should be stricken from the record.

3.) With regard to Paragraph 4 of the Complaint, the Defendant admits that he is a Kentucky resident and admits that he is employed as an Officer of the Commercial Vehicle Enforcement Division of the Kentucky State Police.  The Defendant admits that the Plaintiff is making claims against the Defendant in both his individual capacity and his official capacity.  The Defendant has defenses to claims against him in both his individual capacity and in his official capacity which will be set up elsewhere in this Answer.  The Defendant denies the context of the remaining allegations contained within Paragraph 4 of the Complaint and further states that the remaining language, aside from the Defendant's residence and occupation, are not germane to the issues of this civil action, are not proper in a civil complaint and should be stricken from the record.

4.) With regard to Paragraph 5 of the Complaint, the Defendant denies that the Attorney General of the Commonwealth of Kentucky was a necessary party or that service was necessary on the Attorney General of the Commonwealth of Kentucky, in that the Plaintiff is not questioning the constitutionality of any Kentucky Statute.  The Defendant admits that the Plaintiff is raising issues with regard to the constitutionality of actions of the Defendant and denies that the Defendant did anything to violate the constitutional rights of the Plaintiff in any respect.

5.) The Defendant admits so much as Paragraphs 6 and 7 as allege that this Court has jurisdiction to hear actions raised under the United States Constitution and other federal laws

of the United States of America.  The Defendant is without sufficient information to form a belief as to the allegations of diversity of citizenship alleged in Paragraph 7 and therefore denies the same.

6.) The Defendant admits Paragraph 8 of the Complaint.

7.) The Defendant admits that venue is proper in the United States District Court for the Western District of Kentucky in Louisville as set out in Paragraph 9 of the Complaint, but denies that the Defendant violated the Plaintiff's constitutional rights in any respect.  The Defendant further denies that there is any threat of future violation of the Plaintiff's rights in this jurisdiction or elsewhere by this Defendant.

8.) The Defendant admits Paragraphs 10, 11 and 12 of the Complaint.

9.) The Defendant is without sufficient information to form a belief as to the truth or veracity of Paragraphs 13, 14, 15, 16 and 17 of the Complaint and therefore denies all of the same.

10.)   With regard to Paragraph 18 of the Complaint, the Defendant is without sufficient information to form a belief as to the truth or veracity of that part of Paragraph 18 as refers to statements the Plaintiff made to Ms. Coleman with regard to equipment in the concrete truck or her need to appear in court or having the video from the truck downloaded and being "armed with video evidence."  The Defendant affirmatively states that the only violation Ms. Coleman had committed was failure to wear a seatbelt and that the Defendant chose not to cite her for failure to wear a seatbelt and that she had no need to ever appear in Court over this incident and that the Defendant advised her of those facts.

11.)   With regard to Paragraphs 19, 20 and 21 of the Complaint, the Defendant denies that he ever issued a citation to Ms. Coleman and denies each and every other allegation contained within said Paragraphs 19, 20 and 21 with regard to the Defendant having issued a citation to

the driver.  With regard to the statement in Paragraph 21 regarding statements made by the Plaintiff to the Defendant, the Plaintiff said to the Defendant:  "You are an asshole."

12.)   With regard to Paragraph 22 of the Complaint, the same is not proper in a civil complaint as it states no facts upon which a claim of the Plaintiff could be based.  Paragraph 22 in its entirety is legal argument and should be stricken from the record.

13.)   The Defendant denies Paragraph 23 of the Complaint.

14.)   With regard to Paragraphs 24 and 25 of the Complaint, the Defendant affirmatively states that the Plaintiff had no right to interfere with his traffic stop of the driver of the concrete truck.  The Defendant did ask the Plaintiff to stop interfering with this interaction with the driver of the concrete truck and to go back to his own vehicle.  The Defendant does not remember the exact words he used in asking the Plaintiff to stop interfering with his interactions with the other driver.

15.)   The Defendant admits Paragraphs 26 and 27 of the Complaint.

16.)   With regard to Paragraphs 28 and 29 of the Complaint, the Defendant is without sufficient information to form a belief as to the truth or veracity of the allegations contained therein and therefore denies all of the same.

17.)   With regard to Paragraph 30 of the Complaint, the Defendant denies that he had any intent on revenge on the Plaintiff at any point in time; denies that he intended to retaliate against the Plaintiff at any point in time; denies that he perceived any slight the Plaintiff had "visited upon" the Defendant; denies that the Defendant "circled back…with the intent and purpose of locating" the Plaintiff and "violating his constitutional rights."  The Defendant admits that he turned and headed in the opposite direction he had been going, but at the time he did so, he had no idea what the Plaintiff had been doing or where he was.  With regard to

that portion of Paragraph 30 that alleges that the Plaintiff saw the Defendant's vehicle and saw the Defendant staring at him, the Plaintiff has no means of determining what the Plaintiff did or did not see at that time and therefore denies the same.

18.) The Defendant denies Paragraphs 31 and 32 of the Complaint in that the Defendant never saw the Plaintiff activate a turn signal.  Instead, the Plaintiff extended his left arm out the driver's side window as though he were indicating manually that he was turning.  But instead of raising his entire hand to indicate a turn, the Plaintiff only extended his middle finger in a universally recognized gesture of insult.

19.) The Defendant admits that he effected a traffic stop on the Plaintiff as set out in Paragraph 33 of the Complaint but denies that it was unconstitutional.  The Plaintiff had failed to properly signal his intention to turn.

20.) With regard to Paragraph 34, the Defendant denies the substance of said paragraph but admits that he cited the Plaintiff for improper turn signal because the Plaintiff gave an incorrect manual signal to turn by using only his middle finger.

21.) The Defendant denies Paragraph 35 of the Complaint.

22.) With regard to Paragraph 36 of the Complaint, the same is not proper in a civil complaint as it states no facts upon which a claim of the Plaintiff could be based.  Paragraph 36 in its entirety is legal argument and should be stricken from the record.

23.) The Defendant denies Paragraphs 37, 38 and 39 of the Complaint.

24.) With regard to Paragraph 40 of the Complaint, the Defendant admits that after he had made the traffic stop on the Plaintiff, he asked the Plaintiff for his license and registration.  In fact, the Defendant asked the Plaintiff numerous times to produce his operator's license and

registration and the Plaintiff repeatedly refused to comply with the request to produce the license and registration.

25.)    With regard to Paragraph 41 of the Complaint, the Defendant does not know whether the Plaintiff made any statement about recording him.  The Defendant cannot possibly know what the Plaintiff was thinking at the time he was refusing to produce his license and registration after numerous requests and therefore denies that the Plaintiff was "afraid that Koch was going to physically assault him, or otherwise continue to violate his rights."  The Defendant further is without sufficient means to determine what the Plaintiff was "aware of" and therefore denies all the remaining allegations of Paragraph 41 of the Complaint.

26.)    The Defendant denies Paragraph 42.

27.)    The Defendant is without sufficient information to form a belief as to the truth or veracity of the statements in Paragraph 43 and therefore denies the same.

28.)    With regard to Paragraph 44 of the Complaint, the Defendant admits that when the Plaintiff would not produce his operator's license and registration after multiple demands by the Defendant to do so, and when the Plaintiff continued to attempt to operate his phone in some manner with his fingers, the Defendant reached through the window of the vehicle in an attempt to take the phone away from the Plaintiff in order to get the Plaintiff's attention and have him comply with repeated demands to produce his operator's license and registration.  At the time, the Plaintiff was holding the phone in his hands immediately above the steering wheel and it was not on the seat of the truck as alleged in Paragraph 44 of the Complaint.

29.)    With regard to Paragraph 45 of the Complaint, immediately upon the Defendant placing his hand through the open window of the vehicle in an attempt to secure the phone, the

Plaintiff grabbed the Defendant by the wrist and would not let go of the Defendant's wrist. The Defendant denies all of the substance of Paragraph 45 of the Complaint and further states that much of Paragraph 45 does not state a factual basis upon which a claim by the Plaintiff could be made but is instead argument and should be stricken from the record.

30.)   With regard to Paragraph 46 of the Complaint, the Defendant admits that he opened the door after the Plaintiff had grabbed the Defendant's wrist in an effort to extricate himself from the Plaintiff's grasp.  In the Defendant's struggle to free himself, he admits that he grabbed the Plaintiff's shirt and that it was ripped.  Furthermore, the Defendant states that his attempts to remove the telephone had nothing to do with the Plaintiff recording him, but instead was an attempt to gain compliance with multiple demands of the Plaintiff to produce his operator's license and registration.

31.)   With regard to Paragraph 46 and Paragraph 47, wherein the Plaintiff alleges that the Defendant was pulling on his neck and shoulders, the Defendant denies the same.  The Defendant admits that the Plaintiff released the seatbelt and then exited the vehicle.

32.)   With regard to Paragraph 48 of the Complaint, Defendant admits that he positioned the Plaintiff against the truck in order to place him under arrest, admits that the removed the Plaintiff's phone but denies that he slammed the phone down.  The Defendant placed the phone on top of the truck and at no time attempted to break the phone.

33.)   The Defendant denies Paragraphs 49, 51 and 53 of the Plaintiff's Complaint.

34.)   With regard to Paragraph 50 of the Plaintiff's Complaint, the Defendant admits that he arrested the Plaintiff and that the Plaintiff's vehicle was towed.  The Defendant is without sufficient information to form a belief as to the truth or veracity of the allegations regarding the Plaintiff having to pay to recover his vehicle and therefore denies the same.

35.)     With regard to Paragraph 52, the Defendant is without sufficient information to form a belief as to the truth or veracity of the allegations regarding the reference to "Exhibit B" and therefore denies the same and denies the remainder of the said Paragraph 52.

36.)     With regard to Paragraph 54 of the Plaintiff's Complaint, the Defendant admits that he charged the Plaintiff with Improper Signal, Obstruction or Interference with a Police Officer and Assault Third Degree.   The Defendant denies that portion of Paragraph 54 of the Plaintiff's Complaint that alleges that the Plaintiff "did not commit or violate" any of those crimes.

37.)     With regard to Paragraph 55 of the Plaintiff's Complaint, the Defendant admits that the Plaintiff was taken to jail, denies that the Plaintiff had suffered any injuries as a result of being arrested and is without sufficient information to form a belief as to the truth or veracity of that part of Paragraph 55 that alleges that "he reported shoulder and neck pain to the jail officials…."

38.)     The Defendant is without sufficient information to form a belief as to the truth or veracity of the allegations contained within Paragraphs 56 and 57 of the Plaintiff's Complaint and therefore denies all of the same.

39.)     With regard to Paragraph 58 of the Plaintiff's Complaint, the Defendant is without sufficient information to form a belief as to the truth or veracity of what the Plaintiff's employer may have told the Plaintiff and therefore denies the same and the Defendant further denies that the Defendant did anything with malice toward the Plaintiff.

40.)     The Defendant admits Paragraph 59 of the Plaintiff's Complaint.

41.)    The Defendant denies the substance and context of Paragraph 60 of the Plaintiff's Complaint in that that Paragraph completely misstates the nature and substance of the Defendant's court testimony regarding the reasons for the traffic stop.

42.)    With regard to Paragraph 61 of the Plaintiff's Complaint, the Defendant admits that the court found that there was no probable cause for a charge of Assault Third Degree, but denies the context and substance of the remaining portions of Paragraph 61.

43.)    With regard to Paragraph 62 of the Plaintiff's Complaint the Defendant admits that the other charges were dismissed by an Assistant County Attorney but denies that portion of Paragraph 62 as alleges the charges were dismissed based on a lack of evidence.

44.)    With regard to Paragraph 63 of the Plaintiff's Complaint, the Defendant is without sufficient information to form a belief as to the truth or veracity of the statement contained therein that the docket sheet is true and accurate.  Furthermore the Defendant affirmatively states that the docket sheet attached to the Complaint as "Exhibit C" does not verify the statements contained within other paragraphs of the Plaintiff's Complaint.

45.)    With regard to Paragraph 64 of the Plaintiff's Complaint, the Defendant denies that the charges against the Plaintiff were "baseless," denies that the charges against the Plaintiff violated any constitutional rights of the Plaintiff and denies that the charges constituted malicious prosecution.  The Defendant admits that the initiated a criminal prosecution against the Plaintiff and admits that he filed charges against the Plaintiff.  The Defendant denies that there was a lack of probable cause for the charges against the Plaintiff.  The Defendant is without sufficient information to form a belief as to the truth or veracity of the Plaintiff's statement that he was held in jail for "14 hours."     The Defendant admits that the charges were terminated in favor of the Plaintiff.

46.)    With regard to Paragraph 65 of the Plaintiff's Complaint,  the Defendant admits that the charges were resolved in the Plaintiff's favor, but denies that the Defendant did anything "malicious" or filed any "false criminal charges" as alleged in that paragraph.

47.)    The Defendant denies Paragraph 66, 67, 72, 73, 74, 75, 77, 80, 81, 82, 85, 86, 87, 89, 90, 92, 93, 94, 95, 98, 100 and 101 of the Plaintiff's Complaint.

48.)    With regard to Paragraph 69 of the Plaintiff's Complaint, the Defendant is without sufficient information to form a belief as to the truth or veracity of the allegations in said Paragraph and therefore deny the same.

49.)    With regard to Paragraphs 70 and 71 of the Plaintiff's Complaint, the Defendant admits that every citizen of the United States has certain rights under the First Amendment, the Fourth Amendment and Fourteenth Amendment to the United States Constitution.  However, the Defendant denies that he denied the Plaintiff any rights or protections afforded to citizens under the United States Constitution or any amendments thereto or violated any rights of the Plaintiff secured by the United States Constitution or any amendments thereto.

50.)    With regard to Paragraph 76 of the Plaintiff's Complaint, the Defendant admits that the Plaintiff is asserting a claim for declaratory and injunctive relief and denies that the Plaintiff is entitled to any declaratory or injunctive relief in this matter.  The Defendant further denies that the Plaintiff is entitled to any costs or attorney fees under 42 United States Code §1988.

51.)    With regard to Paragraph 78 of the Plaintiff's Complaint, the Defendant denies that the Plaintiff is entitled to any punitive damages, denies that the Defendant was motivated by any evil motive or intent and denies that any action of the Defendant was reckless or done with callous indifference to the rights of the Plaintiff.

52.)     With regard to Paragraph 84 of the Plaintiff's Complaint, the Defendant admits that he arrested the Plaintiff which led to his confinement.

53.)     The Defendant admits Paragraph 91 of the Plaintiff's Complaint.

54.)     With regard to Paragraph 97 of the Plaintiff's Complaint, the Defendant denies that he breached any duty to act in a prudent manner and further denies that he caused any injuries to the Plaintiff in any manner whatsoever.

55.)     With regard to Paragraphs 68, 79, 83, 88, 96 and 99 of the Plaintiff's Complaint, the same do not state any facts which can be admitted or denied but merely refer back to previously enumerated paragraphs of the Plaintiff's Complaint.


DEFENSES

56.)      The Complaint fails to state a claim upon which relief may be granted as there are defenses available to the Defendant that bar each and every claim of the Plaintiff.

57.)     Each claim brought against Sgt. Dewayne Koch, the Defendant, in his official capacity, is barred by sovereign immunity or official immunity.  Case law is abundantly clear that any claim brought against a public official in his official capacity is nothing more than a suit against the agency itself.  State government agencies are immune from suit based on sovereign immunity and state officials sued in their official capacities are likewise immune. Sgt. Koch is an Officer of the Commercial Vehicle Enforcement Division of the Kentucky State Police.  The Kentucky State Police is a Department within the Justice and Public Safety Cabinet, an executive Cabinet within the government of the Commonwealth of Kentucky. Therefore, Sgt. Koch is immune from suit in his official capacity.  Sgt. Dewayne Koch asserts his defense of sovereign immunity or official immunity to all official capacity claims.

58.)    Each claim brought against Sgt. Dewayne Koch in his individual capacity is barred by qualified immunity.    Sgt. Dewayne Koch asserts his defense of qualified immunity to all individual capacity claims.

59.)    Each of the claims of the Plaintiff asserted herein was a result of the Plaintiff's own intentional acts or of his omission to act.  As such the Plaintiff is estopped from bringing these claims for damages because each claim of damage resulted from his own intentional act or his own intentional failure to act.

60.)    Each of the claims of the Plaintiff asserted herein was the result of the Plaintiff's own negligence and as such is barred by contributory negligence.

61.)    There may be additional affirmative defenses that are not known to the Defendant at this time, but may become known in the future.  The Defendant reserves the right to plead other affirmative defenses that become known to him in the future.

WHEREFORE, the Defendant, Sgt. Dewayne Koch, respectfully demands as follows:

1.)  That this action be dismissed with prejudice;

2.) That in the alternative that the action be set for trial by jury;

3.) For the Plaintiff to be ordered to pay all the costs of this action;

4.) For all other proper orders and relief to which it appears the Defendant is entitled.

/s/ Perry R. Arnold_____
Perry R. Arnold
Melanie Lowe
Attorneys for Defendant, Sgt. Dewayne Koch
Kentucky State Police
919 Versailles Road
Frankfort, Kentucky  40601
Telephone:  (502) 782-4261
Fax:  (502) 573-1636

perryr.arnold@ky.gov

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that the foregoing Answer was served on the Plaintiff, Russell P. Brooksbank by electronically mailing a true and correct copy of the same to his attorneys, the Honorable Christopher Wiest (chris@cwiestlaw.com); the Honorable Thomas B. Bruns (tbruns@bcvalaw.com); the Honorable Robert A. Winter, Jr.(robertawinterjr@gmail.com) all on the 7th day of November, 2016.


/s/                                    Perry                          R.
Arnold_____