# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

CIVIL ACTION NO: 3:16-CV-00668-JHM

RUSSELL P. BROOKSBANK                                  PLAINTIFF

V.

DEWAYNE S. KOCH                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment [DN 33]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court holds that Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

## I. BACKGROUND

Plaintiff Russell P. Brooksbank filed this lawsuit after a disagreement with a Kentucky State Police Officer Dewayne S. Koch. These are the only facts that are undisputed by the parties: On September 2016, Officer Koch stopped an Advanced Ready Mix vehicle driven by Valerie Coleman in the parking lot of a Thorton's gas station after seeing the driver without a seatbelt. During the traffic stop, Brooksbank arrived in the Thorton's parking lot. Because he was an employee of Advanced Ready Mix, he approached Coleman to offer assistance. While Officer Koch was talking to Coleman about the circumstances of the traffic stop, Brooksbank made a comment to Officer Koch in which he called him as "ass."

Shortly after, Brooksbank pulled out of the Thorton's parking lot and was pulled over by Officer Koch. During the traffic stop, there was a physical altercation when Officer Koch attempted to reach into the car to grab Brooksbank's cell phone. Ultimately, Brooksbank was arrested for assaulting an officer. Now, Brooksbank has filed this lawsuit, bringing claims pursuant to 42 U.S.C. § 1983 for alleged violations of the First, Fourth, and Fourteenth

Amendment, and claims under state law for battery, false arrest/imprisonment, malicious prosecution, negligence, and punitive damages. In this Motion for Partial Summary Judgment, Brooksbank asks the Court to find him entitled to judgment as a matter of law as to Officer Koch's 1983 liability.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## III. DISCUSSION

In his Motion for Partial Summary Judgment, Brooksbank argues he is entitled to judgment as a matter of law on the issue of Officer Koch's liability under 42 U.S.C. § 1983. His motion is divided into four subparts: (1) Officer Koch's initial traffic stop violated Brooksbank's First and Fourth Amendment rights, (2) the seizure of Brooksbank's cell phone violated his First, Fourth, and Fourteenth Amendment rights, (3) the false arrest of Brooksbank violated his Fourth and Fourteenth Amendment rights, and (4) that Officer Koch cannot use the defense of qualified immunity. The Court will discuss each part in turn.

### Initial Stop

Brooksbank asks the Court to find him entitled to judgment as a matter of law on his claim that his First and Fourth Amendment rights were violated when Officer Koch pulled him over. The Court cannot grant summary judgment on this matter as the parties tell a different story of the essential facts. According to Brooksbank, after his initial encounter with Officer Koch in which he called him an "ass," Officer Koch was "infuriated." (Compl. [DN 1] ¶ 23.) Brooksbank claims that Officer Koch was "intent on exacting revenge and retaliating" against him. (*Id.* ¶ 30.) The Complaint alleges that Brooksbank was attempting to turn left out of Thorton's parking lot with his turn signal activated. At this time, Brooksbank's left hand was protruding out of the driver's side window with his ring and pinky fingers slightly curled to prevent his wedding ring falling off. According to Brooksbank, the reason for the traffic stop was "solely on the alleged vulgar gesture consisting of Mr. Brooksbank allegedly giving him the middle finger." (*Id.* ¶ 34.) If Brooksbank's recitation of the facts are correct, then Officer Koch may not have had the required probable cause to make a traffic stop. *Whren v. United States*, 517 U.S. 806, 810 (1996).

However, Officer Koch tells a completely different story.[1] According to Koch, after he left the Thorton's parking lot, he continued on his usual beat. Later, he saw a truck attempting to turn right out of the Thorton's gas station. Officer Koch states that he pulled the car over, unaware that it was Brooksbank. According to Officer Koch, the reason for the traffic stop is that Brooksbank had "failed to properly signal his intention to turn" as he was not using a turn signal and the hand gesture that he was making out of the window was inappropriate. (Answer [DN 6] ¶ 19.)

Whether Brooksbank's Fourth Amendment rights were violated depends on whether Officer Koch had probable cause for pulling Brooksbank over. Further, there can be no First Amendment violation if the reason for the traffic stop was wholly unrelated to any offensive gesture made by Brooksbank that would constitute protected speech. Viewing the facts in the light most favorable to Officer Koch, the initial stop could be found by a reasonable jury to be properly based on probable cause of the traffic violation of improper signaling. If so, there would be no Fourth Amendment violation. Further, a reasonable jury could find the traffic stop unrelated to Brooksbank's vulgar gestures and therefore, not a violation of his First Amendment rights. For these reasons, summary judgment as to the traffic stop is **DENIED**.

### Seizure of the Cell Phone

Likewise, the Court cannot grant summary judgment to the Plaintiff on liability for Officer Koch's seizure of his cell phone. Again, the material facts are heavily disputed by the parties. Brooksbank alleges that during the traffic stop, Officer Koch reached in to Brooksbank's

---

[1] Brooksbank argues that recent statements by Officer Koch that Brooksbank was not using a turn signal should be disregarded because they conflict with earlier statements that Officer Koch was not aware of whether Brooksbank used a turn signal or not. However, the "sham testimony doctrine" is not applicable in this case because that doctrine only applies to affidavits filed after a motion for summary judgment for the purpose of creating a genuine issue of fact. *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 588 (6th Cir. 2009). In this case, Officer Koch has maintained his position that Brooksbank was not using a turn signal before Plaintiff filed this Motion for Partial Summary Judgment. Thus, there is no sham evidence. Further, because this is on motion for summary judgment, the Court must view all facts in a light most favorable to Officer Koch.

car in attempt to grab his phone. According to the Complaint, "in the process, Koch grabbed and assaulted Mr. Brooksbank, in an effort to illegally seize his phone." (Compl. ¶ 45.)

Officer Koch argues that he was justified in grabbing for Brooksbank's phone. According to Officer Koch, while Brooksbank was attempting to engage his recording device, he ignored numerous requests by Officer Koch to provide his license and registration. During this time, Brooksbank's car was stopped in the middle of the road and his noncooperation was prolonging the period that Officer Koch was forced to remain in the unsafe position. Officer Koch claims that he attempted to grab the phone "in order to get the Plaintiff's attention and have him comply with repeated demands to produce his operator's license and registration." (Answer ¶ 28.) Further, Officer Koch claims that when he attempted to grab the phone, Brooksbank grabbed his wrist. In the end, Officer Koch claims he was not able to obtain the cellphone until the arrest.

Within this section of the Motion for Partial Summary Judgment, there are two aspects which Brooksbank considers unconstitutional: Officer Koch's reach into his car and the seizure of his cell phone. Brooksbank is correct that he is entitled to Fourth Amendment protections against both. According to the Supreme Court, the interior of a car is "subject to Fourth Amendment protection from unreasonable intrusions by the police." *New York v. Class*, 475 U.S. 106, 114−15 (1986). Further, in ordinary cases, the "seizures of personal property are unreasonable within the meaning of the Fourth Amendment." *Illinois v. MacArthur*, 531 U.S. 326, 330 (2001) (internal quotation marks omitted). However, if exigent circumstances are present, "rather than employing a per se rule of unreasonableness, we balance the privacy-related and law enforcement-related concerns to determine if the intrusion was reasonable." *Id.* at 331. Thus, both potentially unconstitutional aspects of the seizure of the phone are based on whether Officer Koch's actions were reasonable under the circumstances.

A reasonable jury could find that, given the circumstances of traffic stop, Officer Koch's action in reaching into Brooksbank's car was reasonable and not a violation of the Fourth or Fourteenth Amendments. Additionally, as discussed above, if the seizure of the cell phone was unrelated to Brooksbank's use of crude language and hand gestures, a reasonable jury could find no First Amendment violations. Therefore, summary judgment as to the seizure of the cellphone is **DENIED**.

### Arrest

Brooksbank also asks that the Court find Officer Koch liable for violation of his Fourth and Fourteenth Amendment rights for his arrest. In order to make an arrest, an officer must have had probable cause, meaning "the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). In this case, the crime for which Officer Koch claims he arrested Brooksbank was assaulting an officer. According to Officer Koch, Brooksbank grabbed him by the wrist in an effort to prevent Officer Koch from taking his cellphone. Viewing the facts in a light most favorable to Officer Koch, a reasonable jury could find that there was probable cause for Officer Koch to believe that these actions were intended to cause him physical injury and warrant Brooksbank's arrest for assaulting an officer. Summary judgment as to the arrest is **DENIED**.

### Qualified Immunity

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982). In this case, because a reasonable

jury could find that Officer Koch did not violate Brooksbank's clearly established constitutional rights, summary judgment as to the defense of qualified immunity is **DENIED**.

### IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

March 6, 2018

cc: counsel of record