

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO: 3:16-CV-00668-JHM

RUSSELL P. BROOKSBANK             PLAINTIFF

V.

DEWAYNE S. KOCH                  DEFENDANT

## JURY INSTRUCTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Plaintiff has proved his case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

### I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.



The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The plaintiff has the burden of proving his case by what is called a preponderance of the evidence. That means that the plaintiff has to produce evidence that, considered in light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. If the plaintiff fails to meet this burden, the verdict must be for the defendant.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, here in Court or by deposition, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

The following things are not evidence and you may not consider them in deciding what the facts are:

1) Arguments and statements by lawyers are not evidence;

2) Questions and objections by lawyers are not evidence;

3) Testimony I have instructed you to disregard is not evidence; and,

4) Anything you may have seen or heard when the Court was not in session is not evidence.



## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have displayed; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the



case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

All of these are matters for you to consider in deciding the facts.



## II. RULES OF LAW

## INSTRUCTION NO. 1

### Constitutional Claims 42 U.S.C. § 1983

42 U.S.C. § 1983, the federal civil rights statute under which the Plaintiff sues, provides that a person may seek relief in this Court by way of damages against any person who, under color of state law, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States. The parties agree that Sergeant Koch was at all times acting under color of law.

The Plaintiff claims that the Defendant did not have the legal right to stop him, to arrest him, to intrude into his vehicle and seize his possessions, or to use excessive force against him. Plaintiff claims that all of the Defendant's actions against him were done intentionally and deprived him of rights and privileges guaranteed to him by the Constitution of the United States. The Defendant claims that all of his actions were justified and that he did not violate any of the Plaintiff's constitutional rights.

First, Plaintiff claims Defendant violated his Fourth Amendment right to be protected from unreasonable seizures, which right includes protection from unreasonable traffic stops. A traffic stop is unlawful when an officer conducts a stop without having a reasonable suspicion to believe that a violation of the law has, or, is about to occur. In this case, Sergeant Koch claims he stopped Mr. Brooksbank because he made a traffic turn without using a proper signal. Kentucky law requires all signals for a motor vehicle to be given by signal lamps or mechanical signal devices. Hand signals are not allowed.

Another way the traffic stop, the intrusion into Mr. Brooksbank's vehicle, or the arrest or prosecution of Mr. Brooksbank, is constitutionally impermissible is if it is made in retaliation for



the exercise of rights protected by the First Amendment to the United States Constitution. The First Amendment protects free speech. The right to challenge law enforcement practices with speech is protected by the Constitution. Even the use of vulgar language or hand gestures is protected speech. In this case, Mr. Brooksbank claims that he was pulled over because Sergeant Koch was angry at the speech directed toward him during the stop of Valerie Coleman and/or that Sergeant Koch believed he made a vulgar hand gesture towards him.

If you find that the stop of Mr. Brooksbank, the intrusion into his vehicle, or the arrest or prosecution of Mr. Brooksbank was motivated, at least in part, by Mr. Brooksbank's protected speech, you should find for him on his First Amendment claim.

The Fourth Amendment likewise protects against unreasonable traffic stops. Thus, if you find that Mr. Brooksbank has proved by a preponderance of the evidence that Sergeant Koch did not have reasonable suspicion sufficient to make a traffic stop, then you must find for Mr. Brooksbank and against Sergeant Koch on these claims. Otherwise, you must find for Sergeant Koch on these claims.

Next, Plaintiff alleges that Defendant deprived him of his rights under the Fourth Amendment to the Constitution by intruding into his vehicle and seizing his cell phone. Under the Fourth Amendment, a person has the right to be free from an unreasonable intrusion into his or her vehicle and the unreasonable seizure of personal belongings. To establish this claim, the Plaintiff must prove by a preponderance of the evidence that the intrusion into the vehicle or the seizure of the cell phone was objectively unreasonable viewed from the standpoint of a reasonable law enforcement officer on the scene, without the benefit of hindsight.

Sergeant Koch's actions could be considered by you as objectively unreasonable if you believe Brooksbank has proven by a preponderance of the evidence that Sergeant Koch's actions



were solely done for the purpose of depriving Mr. Brooksbank the opportunity to video the traffic stop. Sergeant Koch's actions could be considered by you as objectively reasonable if you believe by a preponderance of the evidence that, given the circumstances of the stop, an emergency existed which warranted the officer taking such action in order to safely accomplish the traffic stop.

If you find that Mr. Brooksbank has proved by a preponderance of the evidence that Sergeant Koch unreasonably intruded into Mr. Brooksbank's vehicle or unreasonably seized Mr. Brooksbank's cell phone, then you must find in favor of Mr. Brooksbank on this claim. Otherwise, you must find for Sergeant Koch on this claim.

Plaintiff also claims that Defendant violated his Fourth Amendment rights by arresting him without probable cause. An arrest, such as the one involved in this case, is unreasonable when, at the moment of the arrest, there is no probable cause for an officer to reasonably believe that a crime has been or is being committed. For probable cause to exist, the facts and circumstances within Defendant's knowledge must be sufficient to cause a reasonable officer to believe that the suspect has committed, is committing, or is about to commit an offense.

To help you determine whether Sergeant Koch had probable cause to arrest Mr. Brooksbank, I will inform you that, according to KRS 508.025(1)(a)(1), a person commits assault in the third degree when that person: "Recklessly, with a deadly weapon or dangerous instrument, or intentionally causes or attempts to cause physical injury to: A state, county, city or federal peace officer." "Physical injury," within the meaning of the statute, is "substantial physical pain or any impairment of physical condition." "Impairment of physical condition" has been defined simply to mean "injury." "Intentionally," is defined by statute to mean "A person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause that result or to engage in that conduct."

7



If you find that Mr. Brooksbank has proved by a preponderance of the evidence that Sergeant Koch lacked probable cause to arrest him for Assault in the Third Degree, then you must find for Mr. Brooksbank on this claim. However, if you find that Mr. Brooksbank did not prove by a preponderance of the evidence that Sergeant Koch lacked probable cause, then you must find for Sergeant Koch on this claim.

The Jefferson District Court's determination of probable cause is not conclusive as to your determination of probable cause under this claim. In other words, you must decide whether probable cause existed for this arrest without regard to the Jefferson District Court's determination.

Lastly, Plaintiff claims that Defendant violated his constitutional rights by using excessive force in effectuating the arrest. The Fourth Amendment prohibits the use of unreasonable or excessive force while making an arrest, even when the arrest is otherwise proper. To prevail on a Fourth Amendment excessive force claim, Plaintiff must prove that the Defendant's use of the force was objectively unreasonable.

A law enforcement officer has the right to use such force as is reasonably necessary under the circumstances to make a lawful arrest. An unreasonable seizure occurs when a law enforcement officer uses excessive force in making a lawful arrest. To determine whether the force used was reasonable under the Fourth Amendment, you should consider the totality of the circumstances at the time. The reasonableness of a particular use of force must be judged objectively from the information available at the time from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Whether force is reasonably necessary or excessive is measured by the force a reasonable and prudent law enforcement officer would use under the circumstances.



Some of the things you may want to consider in determining whether Sergeant Koch used excessive force are the severity of the crime at issue, whether Mr. Brooksbank posed a reasonable threat to the safety of the officer or others, and whether Mr. Brooksbank was actively resisting detention or attempting to escape. If you find that the amount of force used was greater than a reasonable law enforcement officer would have employed, then you must find for Mr. Brooksbank on this claim. If you do not believe Sergeant Koch used excessive force in making the arrest, then you must find for Sergeant Koch on this claim.



INSTRUCTION NO. 2

MALICIOUS PROSECUTION

Mr. Brooksbank in this action claims that Sergeant Koch violated his federal constitutional right under the Fourth Amendment to be free from malicious prosecution. As a result of Sergeant Koch's actions, Mr. Brooksbank claims that he suffered injury for which he seeks damages. Sergeant Koch denies that any of his actions during the time in question violated Brooksbank's constitutional rights.

In order to prove his claim of malicious prosecution, Mr. Brooksbank must establish by a preponderance of the evidence each of the following elements:

(1) that a criminal prosecution was initiated against Mr. Brooksbank and Sergeant Koch made, influenced, or participated in the decision to prosecute;

(2) there was a lack of probable cause for a criminal prosecution;

(3) as a consequence of the legal proceeding, Mr. Brooksbank suffered a deprivation of liberty, apart from the initial seizure;

(4) the criminal proceeding must have been resolved in Mr. Brooksbank's favor;

(5) that Sergeant Koch acted under color of state law; and

(6) that Sergeant Koch's acts were the legal cause of Mr. Brooksbank's damages.

The fifth element is undisputed as the parties agree that Sergeant Koch was acting under color of law.

Again, Jefferson District Court's determination of probable cause is not conclusive as to your determination of probable cause under this claim. In other words, you must decide whether probable cause existed for this criminal prosecution without regard to the Jefferson District Court's determination. But that Court's determination of the charges against Mr. Brooksbank did conclusively determine the fourth element – that the charges were terminated in his favor.



As to the third element, being taken to jail following his arrest is sufficient to establish the deprivation of liberty.

If you find that Mr. Brooksbank has proved each of these elements by a preponderance of the evidence, then you must find for Mr. Brooksbank on this claim. If, on the other hand, you find that Mr. Brooksbank has failed to prove any one of these elements, you must find for Sergeant Koch on this claim.



# INSTRUCTION NO. 3:

## COMPENSATORY DAMAGES

If you find for Mr. Brooksbank on any of these claims, then, with respect to those claims, you will determine from the evidence and award Mr. Brooksbank such sum of money as will fairly and reasonably compensate him for harm, if any, as you believe from the evidence he has sustained as a direct result of the actions of Sergeant Koch.

The fact that I instruct you on damages should not be taken by you as indicating one way or the other whether the Plaintiff is entitled to recover damages. This is entirely for you to decide. Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guess work.

The basic purpose of a section 1983 damages award is to compensate persons for injuries caused by the deprivation of their constitutional rights. In addition to out of pocket costs that the Plaintiff may have proved, and although the amount of damages for the deprivation of an intangible constitutional right cannot be determined by reference to such an objective standard, these compensatory damages may be special and you should consider the following factors in making your award: the nature of the constitutional deprivation, the magnitude of the mental distress and humiliation suffered by the plaintiff, and any other injury caused as a result of being deprived of federally protected rights.

Compensatory damages also include, and you are entitled to compensate Plaintiff and award damages to Plaintiff, for non-quantifiable damages in the form of mental distress, humiliation, loss of reputation, and other general pain and suffering resulting from the arrest, detention, search and seizure, imprisonment, and prosecution of him.



In addition, a person has a duty to mitigate his or her damages. However, the burden of establishing a failure to mitigate damages is on the Defendant. The Defendant must prove by a preponderance of the evidence that reasonable steps could have been taken by Plaintiff, had Plaintiff been exercising reasonable care and diligence. In that event, damages are reduced only to the extent that they were caused by Plaintiff's failure to take those reasonable steps.

One last point, if you find for the Plaintiff on any of the constitutional violations, but do not otherwise award compensatory damages, then you must at least return a verdict for the Plaintiff in the nominal amount of one dollar.



## INSTRUCTION NO. 4:

## PUNITIVE DAMAGES

If you found for Mr. Brooksbank and against Sergeant Koch and awarded compensatory damages or nominal damages on any of the constitutional claims under Instructions No. 1 or No. 2, then you may, in your discretion, award punitive damages. However, you may only award punitive damages if you believe that the Defendant's conduct involves either: (1) an evil motive or intent on the part of Defendant; or (2) a reckless indifference or callous disregard by Defendant for Plaintiff's constitutional rights, life, or safety.

Punitive damages are awarded against a Defendant for the purpose of punishing the Defendant for misconduct, and deterring him and others from engaging in similar conduct in the future. If you award punitive damages, they must be fixed with calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, bias, or prejudice with respect to any party to the case. If you decide to award punitive damages, you shall consider the following factors:

(1) The harm to the Plaintiff as measured by the damages you have awarded under these Instructions caused by a Defendant's failure to comply with his duties; and

(2) The degree, if any, to which you have found from the evidence that the Defendant's failure to comply with his duties was reprehensible, considering: the degree to which the Defendant's conduct evinced an indifference to or reckless disregard for the health and safety of others; the degree to which the harm suffered by the Plaintiff was a result of intentional conduct, or mere accident; the likelihood, at the time of the Defendant's conduct, that serious harm would arise from it; the degree of the Defendant's awareness of that likelihood; the profitability of the misconduct to the Defendant; the duration of the misconduct and any concealment of it by the Defendant; and any actions by the Defendant to remedy the misconduct once it became known to the Defendant.

(3) If you determine punitive damages are warranted, you should consider awarding such sum as you believe will serve to sufficiently punish the Defendant and to deter him and others from like conduct.



The fact that I instruct you on punitive damages should not be taken by you as indicating one way or the other whether Plaintiff is entitled to recover such damages. This is entirely for you to decide.



## III. JURY DELIBERATIONS

When you retire to the jury room, you will discuss the case with your fellow jurors to reach an agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court.

### REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions. You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think this is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.



## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

I have prepared a Verdict Form for your use in making your verdict. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except



by a signed writing or here in open Court. For example, do not write down or tell anyone that you are split 5-4, or 7-2, or whatever your vote happens to be. That should stay secret until you are finished.

